UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
RANDOLPH R. SCOTT, SR.,

                                    Plaintiff,

                                                          9:04-CV-1163
                    v.                                    (NAM)(GJD)

DANIEL G. MIDDAUGH; KATHY ADDINGTON;
SGT. CAREY,

                                    Defendants.
_____
APPEARANCES:

RANDOLPH R. SCOTT, SR.
Plaintiff, *pro se*
011981-055
U.S.P. Allenwood
P.O. Box 3500
White Deer, PA 17887

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

                              **ORDER**

    By Order filed October 21, 2004, the Clerk of the Court was directed to issue summonses

and forward them to the U.S. Marshal for service of process on the defendants named in the

amended complaint filed by *pro se* plaintiff, Randolph R. Scott, Sr.  Dkt. No. 7.  Plaintiff was

thereafter notified by the U.S. Marshal that he had not provided completed USM-285 forms

required for service.  Dkt. No. 14.  Scott provided the forms and summonses were reissued on

February 23, 2005, and forwarded to the U.S. Marshal.

    Presently before the Court is a request from the plaintiff for the Court's assistance

regarding service on the defendants.  Dkt. No. 20.  As of the date of plaintiff's request, service of

process had not been effected, although several months had elapsed since the Court's prior Order.

Shortly thereafter, on May 23, 2005, the summons were returned unexecuted by the U.S. Marshal.

Dkt. No. 22.

In this case, where plaintiff has been authorized by the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the U.S. Marshal was appointed to effect service of process of the summons and complaint on his behalf. *See* Fed. R. Civ. Pro. 4(c)(2) (Marshal must be appointed to serve process when plaintiff is authorized to proceed *in forma pauperis*)); 28 U.S.C. § 1915(d) ("the officers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases."). The U.S. Marshal is obligated to effect service of process in accordance with the Federal Rules of Civil Procedure and, if necessary, must make multiple attempts at service. *See Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994) (where defendant refused to acknowledge request for waiver under Rule 4(d), U.S. Marshal must effect personal service under Rule 4(e)). *Accord, Hurlburt v. Zaunbrecher*, 169 F.R.D. 258, 259 (N.D.N.Y. 1996) (Smith, M.J.). *See also* L.R. 5.1(h) (U.S. Marshal obligated to make personal service at plaintiff's request if no acknowledgment is filed with Court).

Based upon the foregoing, and because there is no indication in the record that any of these individuals have retired or are no longer employed at Oneida County Correctional Facility, a further attempt to serve those individuals at that location is in order. Accordingly, the Clerk of the Court is directed to reissue summonses and forward them to the U.S. Marshal **for personal service on the three defendants**. Plaintiff shall provide the Clerk of the Court with all documents necessary for service.

**WHEREFORE**, it is hereby

**ORDERED**, that plaintiff's motion (Dkt. No. 20) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of the Court is directed to reissue summonses and forward them

2

**to the U.S. Marshal for personal service on the defendants**.  Plaintiff's request is **DENIED** in all other respects, and it is further

ORDERED, that plaintiff provide the Clerk of the Court with all documents necessary for service, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on the plaintiff.  The Clerk of the Court shall also send a copy of this Order to the U.S. Marshal.

Dated: June 9, 2005

Hon. Gustave J. DiBianco
U.S. Magistrate Judge