**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

RANDOLPH R. SCOTT, Sr.,

                            Plaintiff,

      - v -                                        Civ. No. 9:04-CV-1236
                                                           (LEK/RFT)

DEPUTY WAUFLE; JASON PASSOLT; MEDICAL
DEP'T OF DON STOCK, Director; EDWARD DiBARI;
SCOTT CAREY, Sergeant,

                            Defendants.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

RANDOLPH R. SCOTT, Sr.
11981-055
Plaintiff _Pro Se_
_Last Known Address_
Volunteers of America
175 Ward Street
Rochester, New York 14605

GORMAN, WASZKIEWICZ LAW FIRM          BARTLE J. GORMAN, ESQ.
Attorney for Defendants
1508 Genesee Street
Utica, New York 13502

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

      On October 26, 2004, Randolph Scott filed a _pro se_ Complaint against the above-captioned Defendants. Dkt. No. 1, Compl. At the time he filed his Complaint, Scott indicated he was incarcerated at the Oneida County Correctional Facility. _Id_. at ¶ 3. However, when the Clerk of the Court sent an Acknowledgment of Filing to Plaintiff at the address provided in the Complaint, it was subsequently returned to this Court as undeliverable. Dkt. No. 4. Thus, when

this Court reviewed Plaintiff's Complaint and his *in Forma Pauperis* Application, and consistent with local rules of practice for this district, we warned Plaintiff of his obligation to notify the Court of any address change. Dkt. No. 5 at p. 2; *see also* N.D.N.Y.L.R. 10.1(b)(2). Furthermore, he was warned that his failure to comply with this rule could result in the dismissal of his action. Dkt. No. 5 at p. 2; *see* N.D.N.Y.L.R. 41.2(b). More specifically, the Court mailed him an Order which provided, *inter alia*:

> **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do same will result in the dismissal of this action.**

*See* Dkt. No. 5 at p. 3 (emphasis in original).

Plaintiff was then given thirty (30) days to submit a current address or verify that his mailing address is as listed in the Court's records. *Id*. at p. 2. Not surprisingly, that Order was returned to the Court as undeliverable. Dkt. No. 6. Nevertheless, on December 1, 2004, Plaintiff sent a Notice of Change of Address indicating that he was in the custody of the Federal Bureau of Prisons and was housed in the United States Penitentiary (USP) at Allenwood Federal Correctional Complex, located in White Deer, Pennsylvania. Dkt. No. 7.

From that point on, it seemed that this case was proceeding and after some initial service issues, the Defendants filed an Answer and a Scheduling Order was issued by this Court. Dkt. No. 23, Ans.; Dkt. No. 31, Scheduling Order, dated June 27, 2006. On July 10, 2006, however, the Scheduling Order was returned to the Court as undeliverable. Dkt. Nos. 32 & 33.

Apparently, in another case brought by Plaintiff in this District, *Scott v. Middaugh, et al.*, Civ. No. 9:04-cv-1163 (NAM/GJD), mail sent to USP Allenwood was similarly returned as undeliverable. *See* Civ. No. 9:04-cv-1163, Dkt. Nos. 46 & 50. In that case, after receiving a request from Defendants' Counsel to extend the dispositive motion filing deadline wherein

Counsel indicated he is unsure of the Plaintiff's current address, the Honorable Gustave J. DiBianco, United States Magistrate Judge, directed Plaintiff to file an affidavit detailing why the action should not be dismissed due to Plaintiff's failure to advise the Court of his current address and for want of prosecution. *Id*., Dkt. No. 53, Order, dated Dec. 4, 2006. That Order, sent to Plaintiff at USP Allenwood, was <u>not</u> returned to the Court. In an effort to clarify Plaintiff's housing status, Court personnel was directed to inquire of the Federal Bureau of Prisons. Upon conferring with officials at USP Allenwood, the Honorable Norman A. Mordue, Chief United States District Judge, determined that Plaintiff was released from USP Allenwood in January 2007 and was residing at Volunteers of America, a half-way house located in Rochester, New York. *Id*., Dkt. No. 54, Order, dated Feb. 8, 2007, at p. 3.[1] With his housing status presumably resolved, Chief Judge Mordue directed Plaintiff to file an affidavit detailing the reasons why the action should not be dismissed due to Plaintiff's failure to advise the Court of his current address and for want of prosecution. *Id*. Such affidavit was due thirty days from the filing date of that Order; as of the date of this Order, no such affidavit has been filed in *Scott v. Middaugh*.

To further complicate matters, in consulting the Federal Bureau of Prisons Inmate Locator website, it appears that Scott is housed at Pittsburgh Community Corrections Office, located in Pittsburgh, Pennsylvania, with a projected release date of July 17, 2007.[2] *See* Federal Bureau of Prisons Inmate Locator, *available at* http://www.bop.gov/iloc2/LocateInmate.jsp.

---

[1] Apparently, Plaintiff's housing status was then updated in both civil cases, though he has never filed such a notice of change in address in either case.

[2] To ensure that the Judges assigned to Scott's other case are aware of the possibility that Plaintiff's whereabouts may still be an issue, this Court will direct that a copy of this Order be provided to Chief Judge Mordue and Judge DiBianco. We will also direct that this Order be docketed in *Scott v. Middaugh, et al.*, Civ. No. 9:04-cv-1163 (NAM/GJD).

Needless to say, the Court is flummoxed.

We wholeheartedly agree with Chief Judge Mordue's and Judge DiBianco's findings that Scott's continual disobedience and eschewing of his responsibilities is grounds for dismissal of his civil actions. Indeed, Scott's recalcitrance has resulted in serious waste of judicial resources as not one, not two, but three Judges along with their staff have spent considerable time trying to locate this litigant. This Court has repeatedly warned Plaintiff of his obligation to keep the Court apprised of a current address. Whether he has properly received such warnings remains a mystery as some mailings have been returned to the Court while others have not. Given Plaintiff's *pro se* status, we have been extraordinarily lenient and forgiving of his peradventure unfamiliarity with the logistics of litigation. However, the Court's calendar cannot function properly when lackadaisical litigants, such as Plaintiff, insist on failing to abide by their responsibilities. As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. Courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v.*

*Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). We will give Plaintiff one final chance to rectify this situation and provide his current address. We also insist that Plaintiff submit an affidavit detailing why this action should not be dismissed in light of his failure to abide by the Court's Orders and Local Rules. Should Plaintiff fail to provide a current address **and** affidavit, this matter shall be referred immediately to the District Judge assigned to this case who may consider this Order to be a recommendation of dismissal.

**WHEREFORE,** it is hereby

**ORDERED**, that Scott's failure to keep the Court and his adversaries apprised of his current whereabouts is grounds for dismissal of this action; and it is further

**ORDERED**, that Scott shall within **THIRTY (30) DAYS** from the date of this Order submit his current address to the Court, or verify that his mailing address is as listed in the caption of this Order. Plaintiff shall also file an affidavit detailing why this action should not be dismissed due to Plaintiff's failure to abide by Court Orders and the Local Rules of this District. <u>Plaintiff is warned that failure to notify this Court of his current whereabouts **and** file an affidavit detailing why the action should not be dismissed within thirty (30) days of the date of this Order will result in this action being referred to the District Judge for dismissal</u>; and it is further

**ORDERED**, that upon the expiration of thirty (30) days, if Plaintiff has not complied with this Order, this matter shall be referred to the District Judge assigned to this action to place on his dismissal calendar in which case the District Judge may consider this Order to be a

recommendation of dismissal; and it is further

**ORDERED**, that a copy of this Order shall be provided to Chief Judge Mordue and Judge DiBianco and docketed in *Scott v. Middaugh, et al.*, Civ. No. 9:04-cv-1163 (NAM/GJD) so that the Judges assigned to that case are aware that Plaintiff's address may still be an issue; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on Plaintiff at the following addresses:

Volunteers of America                            CCM Pittsburgh
175 Ward Street                *and*             Community Corrections Office
Rochester, NY 14605                              1000 Liberty Avenue, Rm 1315
                                                 Pittsburgh, PA 15222

**IT IS SO ORDERED**


**Dated:        March 29, 2007**
**               Albany, New York**

_____
RANDOLPH F. TREECE
United States Magistrate Judge