UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
......................................................................
RANDOLPH F. SCOTT, SR.,

                              Plaintiff,

     vs.                                                  9:04-CV-1163
                                                                [NAM][GJD]

DANIEL G. MIDDAUGH, *et al.*,

                              Defendants.
......................................................................

APPEARANCES:                                     OF COUNSEL:

Randolph R. Scott, Sr.
**Last Known Address:**
11981-055
Volunteers of America
175 Ward Street
Rochester, NY 14605
Plaintiff, *Pro Se*

Gorman, Waszkiewicz Law Firm                  Bartle J. Gorman, Esq.
1508 Genesee Street
Utica, NY 13502

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## DECISION AND ORDER

I.      Background

     This civil rights action was commenced by the plaintiff on October 7, 2004.

     Plaintiff's mail has been returned to the Court as undeliverable since October 6, 2006.  *See* Dkt. Nos. 50 and 55.  On February 8, 2007, the Court learned that plaintiff was staying at the address listed in this Order and issued an order directing plaintiff to file an affidavit showing good cause why this action should not be dismissed within 30 days.  *See* Dkt. No. 54.  Although this Order was initially sent

to plaintiff at his old address, it was re-mailed to him at his updated address on February 20, 2007, after it was returned to the Court as undeliverable. This Order was not returned as undeliverable when sent to plaintiff's updated address, however, to date plaintiff has not complied with that Order. Thereafter on March 29, 2007, Magistrate Judge Randolph F. Treece issued an order in 9:04-CV-1236, directing plaintiff to update or verify his current address with the Court within 30 days or his civil action may be dismissed. Plaintiff failed to do so and that action was closed on May 1, 2007.

II.     Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

Moreover, a plaintiff has the duty to inform the court of any address changes. As then-District Judge Pooler has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see*

*generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by the plaintiff of his current address.  Since plaintiff has failed to inform the Court of same and failed to comply with this Court's March 29, 2007 Order, it is hereby

ORDERED, that this action is dismissed.  *See* Local Rule 41.2(b) (dismissal of action appropriate where plaintiff fails to notify Court of change of address), and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties hereto in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: June 29, 2007
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge